| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Ilene F. Goldstein, not individually, but as chapter 7 Trustee for the VitaHEAT Medical, LLC, bankruptcy estate | **DEFENDANTS**<br>William Haas and Thin Heat LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>William J. Factor, Law Offices of William J. Factor Ltd., 105 W. Madison St., Suite 1500, Chicago, IL 60602, 312.878.6976 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of fiduciary duty to debtor, and fraudulent transfer under 11 U.S.C. 548

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>■ 13-Recovery of money/property - §548 fraudulent transfer  [2]<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>■ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)  [1] |
| ■ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>VitaHEAT Medical, LLC | BANKRUPTCY CASE NO.<br>18-35295 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinoi | DIVISION OFFICE<br>Eastern Division | | NAME OF JUDGE<br>Goldgar, A. Benjamin |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ William J. Factor | | | |
| DATE<br>11/23/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William J. Factor | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>VITAHEAT MEDICAL, LLC,<br><br>DEBTOR. | Chapter 7<br><br>Case No. 18-35295<br><br>Honorable A. Benjamin Goldgar |
| ILENE F. GOLDSTEIN, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE FOR THE VITAHEAT MEDICAL LLC BANKRUPTCY ESTATE,<br><br>PLAINTIFF,<br><br>vs.<br><br>WILLIAM HAAS AND THIN HEAT LLC,<br><br>DEFENDANT. | Adv. Pro. No. _____ |

## COMPLAINT

Ilene F. Goldstein, not individually, but solely as the chapter 7 trustee for the bankruptcy estate of VitaHEAT Medical, LLC (the "Trustee") states as follows for her complaint against Defendant, William Haas and Thinheat LLC.

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331, 1334 and 157. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O). To the extent this adversary proceeding is deemed a proceeding in which the Court may not constitutionally enter final orders absent the

{00180451 2}

consent of the litigants, the Trustee consents to the entry of final orders by the Court in this adversary proceeding.

2.   This Court is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409(a).

3.   The matter is brought as an adversary proceeding in accordance with Federal Rule of Bankruptcy Procedure 7001.

## PARTIES

4.   The Trustee is the duly appointed chapter 7 trustee for VitaHEAT Medical LLC (the "Debtor").

5.   Defendant William Haas was, at all times relevant to the allegations set forth herein, a director of the Debtor and, as such, owed the Debtor fiduciary duties. Defendant also owed fiduciary duties to the creditors of the Debtor as a result of the Debtor's distressed financial condition.

## HISTORY

6.   William Haas is the owner of certain Patents.

7.   On or about January 19, 2012, William Haas established Thinheat LLC (sometimes known as Thin Heat LLC) ("Thinheat"), by executing and filing a certificate of formation of the company with the Illinois Secretary of State.

8.   Shortly after Haas formed Thinheat, Haas assigned his Patents to Thinheat.

9.   On or about February 1, 2012, VitaHEAT Medical, LLC ("the Debtor"), a Delaware Limited Liability Corporation, was established.[1]

10.  Thinheat was one of the initial members of the Debtor.

11.  The purpose of the Debtor was to manufacture and sell medical products.

---

[1] VitaHEAT Medical, LLC's original name was Thin Heat Medical, LLC. In the interest of clarity, this Complaint will refer to VitaHEAT Medical, LLC, throughout.

{00180451 2}                                    2

12. On or about March 26, 2012, Thinheat entered into a License Agreement with the Debtor, and so provided the Debtor the right to manufacture, use, sell, and distribute its medical products, using the Patents assigned to Thinheat by Haas.

13. At all times relevant to the allegations contained herein Thinheat was a member of the Debtor.

14. Haas either is the sole member of Thinheat or has an interest in the financial well-being of Thinheat such that the success of Thinheat benefits Haas personally. There is an identity of interest between Thinheat and Haas such that the separateness between Haas and Thinheat should be ignored or disregarded.

15. As a member of the Debtor, Thinheat caused Haas to act as a director of the Debtor. Haas attended multiple board meetings of the Debtor and discussed and voted on matters as a director of the Debtor. Haas received and expected to receive director's fees from the Debtor.

16. At all times relevant to the allegations contained herein, Haas was an insider of the Debtor as a result of his status and as a result of the control he exercised over the Debtor.

17. Haas filed a proof of claim in the above-captioned proceeding stating that he personally was owed $245,000 for "License Fee, Royalties, Director Fees."

18. In approximately October of 2018, Haas caused Thinheat to terminate the License with the Debtor. Haas did this to protect his own interests and with knowledge that it would harm the interests of the Debtor and the Debtor's creditors.

19. Haas owed the same duties to the Debtor and its creditors as a director of a corporation: Haas owed the Debtor and its creditors a duty of loyalty and a duty of care.

20. Haas knew, or should have known, that the termination of the License would harm the Debtor. By causing the termination of the License, Haas favored his own interests above the interests of the Debtor and its creditors.

21. By causing the termination of the License, Haas blocked the Debtor's continued business operations and left the Debtor with no viable options. On

information and belief, the actions of Haas were a primary cause of the Debtor's bankruptcy filing.

22. On December 21, 2018, the Debtor filed its petition for relief under chapter 7 of the Bankruptcy Code.

23. Upon the filing of the Debtor's petition, claims for injury to the Debtor, from actionable wrongs committed by the Debtor's officers and directors, became property of the bankruptcy estate.

24. Subsequent to filing for bankruptcy, the Trustee was negotiating a sale of the assets of the Debtor. Haas and Thinheat refused to cooperate in the sale of the Debtor's assets and preferred their own self-interests over those of the Debtor.

25. In a postpetition motion to compel abandonment of the licensing agreement, Haas and Thinheat estimated the value of the licensing agreement at $850,000.00.

## COUNT 1: Breach of Fiduciary Duty

26. The Trustee repeats and realleges all of the allegations set forth above, as if fully set forth below.

27. The fiduciary duty that Haas owed to the Debtor encompassed a duty of care and a duty of loyalty.

28. The duty of care requires that a director act in good faith, with the care that an ordinarily prudent person would exercise under similar circumstances.

29. The duty of loyalty requires that a director must act in a manner he or she reasonably believes to be in the best interests of the corporation.

30. By terminating the License, Haas breached the duties he owed to the Debtor, and favored his own interests to the detriment of the Debtor and its creditors.

31. Haas breached the duties he owed to the Debtor and its creditors and favored his own interests to the detriment of the Debtor and its creditors when he refused to cooperate in the sale of the Debtor's assets.

32. As a result of Defendant's breaches of his fiduciary duty to the Debtor, the Debtor suffered damages. Such damages consist of the loss of all value of Debtor's assets.

WHEREFORE Ilene F. Goldstein, not individually, but solely as the chapter 7 trustee for the bankruptcy estate of VitaHEAT Medical, LLC respectfully requests that this court enter judgment in her favor and against William Haas and Thinheat, in an amount to be determined at trial.

### COUNT 2: Fraudulent Conveyance

33. The Trustee repeats and realleges all of the allegations set forth above, as if fully set forth below.

34. This Count is plead in the alternative to any other counts that are inconsistent with the allegations herein.

35. The Debtor received no value for Haas's termination of the licensing agreement.

36. The Debtor was insolvent at the time of the termination of the license agreement, or became insolvent as a result of Haas's termination of the licensing agreement.

37. Under 11 U.S.C. 548, the Trustee may avoid any transfer of an interest of the debtor in property that was made or incurred on or within two years before the date of the filing of the petition, if the debtor received less than a reasonably equivalent value in exchange for such transfer or obligation, and was insolvent on the date that such transfer was made.

WHEREFORE Ilene F. Goldstein, not individually, but solely as the chapter 7 trustee for the bankruptcy estate of VitaHEAT Medical, LLC respectfully requests that this court enter judgment in her favor and against William Haas and Thinheat, in an amount to be determined at trial.

**Ilene F. Goldstein, not individually, but solely as the chapter 7 trustee for the bankruptcy estate of VitaHEAT Medical, LLC**

By: /s/ William J. Factor
One of her Attorneys

William J. Factor (6205675)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Firm ID: 45665
Tel:   (312) 878-6976
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       aholtschlag@wfactorlaw.com
       mhubbard@wfactorlaw.com

{00180451 2}                                6